IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Heartland of Portsmouth, OH, LLC, | : | |
| | : | Case No. 1:15-cv-007 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion to Remand |
| McHugh Fuller Law Group, PLLC, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion for Remand (Doc. 5).  Plaintiff Heartland of Portsmouth, OH, LLC ("Heartland") initially filed this case against Defendant McHugh Fuller Law Group, PLLC ("McHugh Fuller") in the Scioto County Court of Common Pleas on January 5, 2015.  (Doc. 1-3.)  On January 7, 2015, McHugh Fuller removed the case to this District Court pursuant to a Notice of Removal asserting that there was diversity of citizenship jurisdiction.  (Doc. 1 at PageID 1–2.)  Plaintiff Heartland now moves to remand the case back to Scioto County.  For the reasons that follow, the Court will **GRANT** the Motion to Remand.

I.      REMOVAL JURISDICTION AND REMAND

The statute creating diversity of citizenship jurisdiction provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  A defendant can remove an action from state court to federal court if the federal court has original jurisdiction, including diversity of citizenship jurisdiction, over the case.  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

A federal court must resolve any doubt concerning the propriety of removal in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (calling for strict construction of statutes regulating the jurisdiction of federal courts); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 676 (S.D. Ohio 2014).  The issue on a motion to remand is whether the case was properly removed in the first instance. *Provident Bank v. Beck*, 952 F. Supp. 539, 540 (S.D. Ohio 1996).

The defendant bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (stating that defendant must prove the amount in controversy for diversity jurisdiction).  The Supreme Court recently clarified the analysis required if the amount of controversy in a removed case is disputed.  The defendant need make only a short and plain statement regarding the amount in controversy in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)).[1]  Evidence establishing that the amount in controversy exceeds $75,000 must be submitted "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554.  When the issue is disputed, the parties can take discovery and submit evidence on the amount in controversy. *Id.*  The court then must determine whether the amount in controversy requirement has been satisfied by a "preponderance of the evidence." *Id.* (citing  28 U.S.C. § 1446(c)(2)(B)).[2]  Courts have interpreted *Dart Cherokee* as keeping the burden of proof on the defendant if the plaintiff challenges the amount in controversy stated in a notice of removal. *See*,

---

[1] "A defendant or defendants desiring to remove any civil action . . . shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

[2] Removal is proper on the basis of an amount of controversy stated in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B)).

*e.g.*, *Statin v. Deutsche Bank Nat. Trust Co.*, No. 14-20200, 2014 WL 7235168, at *2 (5th Cir. Dec. 19, 2014); *Leon v. Gordon Trucking, Inc.*, No. CV 14-06574 MMM MRWX, 2014 WL 7447701, at *12 n. 40 (C.D. Cal. Dec. 31, 2014).

The amount in controversy is "determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation and citation omitted); *Mid W. Auto Sales, Inc. v. W. Heritage Ins. Co.*, No. 1:08-CV-793, 2009 WL 1373035, at *1 (S.D. Ohio May 15, 2009).[3] A plaintiff can sue for less than the full amount to which it might be entitled in order to avoid federal jurisdiction. *Smith*, 505 F.3d at 407. The analysis must focus on the damages sought by the plaintiff at the time of removal. *Hayes*, 266 F.3d at 573. "Where a plaintiff has requested only injunctive relief, . . . the amount in controversy is the value of the right that the plaintiff seeks to protect or the extent of the injury to be prevented." *McIntire v. Ford Motor Co.*, 142 F. Supp. 2d 911, 920 (S.D. Ohio 2001). Additionally, attorney fees can factor into the amount in controversy calculation when they are authorized by a relevant statute. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). Punitive damages must be considered in the amount in controversy calculation "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572 (citation omitted).

---

[3] This Court previously has found that amount of controversy should be determined from the perspective of the plaintiff. *See Mid W. Auto Sales*, 2009 WL 1373035, at *1. However, the Court is aware that the Sixth Circuit has stated as recently as 2014 that the law in the Sixth Circuit is unsettled as to whether to determine the amount in controversy from the plaintiff's perspective, defendant's perspective, or either perspective. *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 372 (6th Cir. 2014) (calling the issue a "jurisdictional morass" which it has "sidestepped"). The conclusion that defendant failed to establish the amount in controversy by a preponderance of the evidence applies whether the Court examines the issue from Heartland's perspective or McHugh Fuller's perspective.

## II.     ANALYSIS

Plaintiff Heartland did not expressly assert on the face of its Complaint grounds for removal pursuant to diversity jurisdiction.  Heartland, a skilled nursing facility, alleged that Defendant McHugh Fuller, a law firm, engaged in a campaign of false and misleading advertising in order to encourage tort litigation against Heartland.  (Doc. 1-3 at PageID 9–18.)  Heartland asserted three claims for relief: (1) a violation of the Ohio Deceptive Trade Practices Act, (2) defamation—libel and libel per se, and (3) defamation—false light invasion of privacy.  (*Id.* at PageID 18–21.)  Heartland alleged that it has "no adequate remedy at law" for the violation of the Ohio Deceptive Trade Practices Act and it requested injunctive relief as well as attorney fees and other equitable remedies.  (*Id.* at PageID 19, 22.)  Heartland also sought injunctive relief for its defamation claims.  (*Id.* at PageID 20–22.)  Heartland did not request any damages in its prayer for relief.  (*Id.* at 21–22.)  The only suggestion of compensatory damages in the Complaint was the statement in the libel claim that Heartland has "suffered stigmatic and reputational harms as a further result of the advertisement, and in addition to [*sic*] any quantifiable damages experienced at the facility and in the community."  (*Id.* at PageID 20.)

McHugh Fuller asserted in the Notice of Removal that the amount in controversy exceeds $75,000.  (Doc. 1 at PageID 2.)  McHugh Fuller based its assertion on Heartland's allegations in the Complaint that it suffered "reputational harms and quantifiable damages, loss of business opportunities, harm to goodwill, harm to business and contractual relationships."  (*Id.* (paraphrasing the Complaint).)  The Court will assume without deciding that Defendant McHugh Fuller has met its initial burden to state a short and plain statement of the amount in controversy.

Heartland put the amount in controversy in dispute by filing the Motion to Remand.  Accordingly, McHugh Fuller now has the burden to establish the Court's jurisdiction, including

4

the amount in controversy, by a preponderance of the evidence.  *See Dart Cherokee*, 135 S. Ct. at 554.  McHugh Fuller has offered no facts or evidence to support its assertion that amount in controversy exceeds $75,000.  It has not requested to take discovery on the amount in controversy.

In its brief opposing remand, McHugh Fuller offered the conclusory assertion that the reputational harm, loss of goodwill, and loss of business opportunities to a skilled nursing facility arising from defamatory advertising "clear[ly]" is in excess of $75,000.  (Doc. 7 at PageID 243.)  The fact that Heartland has requested only injunctive relief does not preclude a finding that the jurisdictional threshold is met.  *McIntire*, 142 F. Supp. 2d at 920.  However, McHugh Fuller has not met its burden to provide evidence to determine the valuation of the harms Heartland alleges to have suffered.  *See id.* (remanding a case where the defendant had "not attempted to demonstrate how to value the requested injunction from the Plaintiffs' perspective").[4]  Additionally, although Heartland has sought relief pursuant to a statute providing for attorney fees— the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.03(B)[5]—McHugh Fuller has not provided a basis for the Court to estimate what reasonable attorney fees in this case might entail.  *See Strebler v. Morgan Stanley & Co.*, No. 5:13 CV 2215, 2014 WL 4545932, at *4 (N.D. Ohio Sept. 12, 2014) (finding that the defendant provided "no facts, estimates, or analysis to support a presumption that attorney's fees, if awarded, would actually cause the amount in controversy to exceed $75,000").  Relevant factors providing a basis to estimate

---

[4]  Likewise, McHugh Fuller has not established the cost to it of complying with the requested injunction if the Court were to consider the amount in controversy from the defendant's perspective.  *See Olden v. LaFarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004) (setting standard for determining value of an injunction from the defendant's perspective).

[5]  Attorney fees can be factored into the amount in controversy calculation because attorney fees are expressly authorized by the statute if McHugh Fuller engaged in willful conduct.  *See Clark*, 518 F.2d at 1168 (stating that statutory attorney fees can be considered); *see also Kolbe v. N.Y. Community Bank*, No. 1:10cv2006, 2010 WL 5021164, at *2 (N.D. Ohio Dec. 3, 2010) (including attorney fees in amount of damages determination even where attorney fees were contingent upon meeting certain requirements).

attorney fees might include the complexity of the case, the experience of the attorneys, or the amount of fees awarded in similar cases.

Here the Court can only speculate whether the amount of controversy in this case exceeds $75,000.  McHugh Fuller has not met it burden to establish by a preponderance of the evidence that the Court has subject matter jurisdiction over this case.  The Court will remand this case to state court.

### III.  CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**.  The case is remanded to the Scioto County, Ohio Court of Common Pleas.

IT IS SO ORDERED.

                                                  S/Susan J. Dlott_____
                                                  Judge Susan J. Dlott
                                                  United States District Court